IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 20–13–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| JOSHUA RODNEY MEECH, | |
| Defendant. | |

On June 19, 2020, a Grand Jury charged Defendant Joshua Rodney Meech with making a false statement during a firearms transaction, in violation of 18 U.S.C. § 922(a)(6). (*Sealed* Doc. 1.) Specifically, the Indictment charges:

> That on or about April 4, 2020, at Bozeman and within Gallatin County, in the State and District of Montana, [Meech], in connection with his acquisition and attempted acquisition of a firearm, namely a Sig Sauer, model P320, 9 mm semi-automatic pistol, from Bob Wards & Sons, Inc. Bozeman, Montana, a licensed dealer, knowingly made a false and fictitious written statement to Bob Wards & Sons, Inc., which statement was intended and likely to deceive Bob Wards & Sons, Inc., as to a fact material to the lawfulness of such sale and acquisition of said firearm to the defendant under Chapter 44 of Tile 18, in that the defendant represented at item 11(h) on ATF Form 4473, Firearms Transaction Form, dated April 4, 2020, the defendant was not subject to a court restraining order, all in violation of 18 U.S.C. § 922(a)(6).

(*Id.*)  In short, the government alleges that Meech lied in answering Question 11.h on ATF Form 4473.

Citing Federal Rules of Criminal Procedure 12(b)(3)(B)(iii) and (v), respectively, Meech argues that the Indictment lacks specificity and fails to state an offense. (Doc. 25 at 3.) Consequently, he moves the Court to dismiss the Indictment and immediately release him from custody. (*Id.*) He goes on to contend that he did not lie, because the protective order against him fails to qualify as a "Restraining Order" as defined in ATF Form 4473. (*Id.* at 4.) The government opposes the motion. (Doc. 27.) For the following reasons, Meech's motion is denied.

### LEGAL STANDARDS

The Constitution provides those accused of a crime the right "to be informed of the nature and cause of the accusation[.]" U.S. Const. amend. VI. To that end, the Federal Rules of Criminal Procedure require that a criminal indictment contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1).

### I. Rule 12(b)(3)(B)(iii) Motion to Dismiss for Lack of Specificity

Courts review an indictment "in its entirety" and with "common sense and practicality." *United States v. Berger*, 473 F.3d 1080, 1103 (9th Cir. 2007) (internal citations omitted). The test is not "whether [the indictment] could have been framed in a more satisfactory manner," but "whether it conforms to the *minimal* constitutional standards." *United States v. Awad*, 551 F.3d 930, 935 (9th

Cir. 2009) (emphasis added). An indictment meets constitutional and procedural muster if it "state[s] the elements of the offense charged with sufficient clarity to apprise a defendant of the charge against which he must defend and enable him to plead double jeopardy." *United States v. Hinton*, 222 F.3d 664, 672 (9th Cir. 2000).

Furthermore, as long as the applicable statute clearly sets out the crime's essential elements, "[t]he use of a 'bare bones' information—that is one employing the statutory language alone—is quite common and entirely permissible" in the Ninth Circuit. *United States v. Woodruff*, 50 F.3d 673, 676 (9th Cir. 1995) (quoting *United States v. Crow*, 824 F.2d 761, 762 (9th Cir. 1987)). Consequently, "the language of the statute may be used in the general description of an offence," as long as it is "accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence . . . with which he is charged." *Hamling v. United States*, 418 U.S. 87, 117–18 (1974).

## II. Rule 12(b)(3)(B)(v) Motion to Dismiss for Failure to State an Offense

"[T]he district court is bound by the four corners of the indictment" in ruling on a pre-trial motion to dismiss for failure to state an offense. *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). Distinguished from pre-trial motions to dismiss premised on other grounds—where the court may take evidence and make factual determinations—the court considering a motion for failure to state an

offense "must accept the truth of the allegations in the indictment." *Id.* "The indictment either states an offense or it doesn't." *Id.* To ensure that "the respective provinces of the judge and jury are respected," a Rule 12(b)(3)(B)(v) motion to dismiss "cannot be used as a device for a summary trial of evidence." *Id.* To that end, "[t]he Court should not consider evidence not appearing on the face of the indictment." *Id.*

## DISCUSSION

Meech advances three arguments in support of his motion to dismiss the Indictment. He contends that the failure to "reference . . . *any* particular restraining order to which [he] was subject" renders the Indictment constitutionally insufficient. (Doc. 26 at 2 (emphasis in original).) Meech next argues that the Indictment fails to state an offense, because his allegedly false answer "is not 'material' to the sale of the firearm." (*Id.* at 5.) Finally, he insists that the government cannot prove that he lied, because the operative court order does not qualify as a "Restraining Order" as defined by ATF Form 4473 Question 11.h, and asks that the Court rule it inadmissible in advance of trial. (*Id.* at 6.) Taking each argument in turn, the Court is persuaded neither that it should dismiss the Indictment, nor that it should deem the operative protective order inadmissible.

**I.      The Indictment's specificity sufficiently serves its constitutional purpose.**

Because the relevant statute "clearly sets out the crime's essential elements," the relatively "bare bones" nature of the Indictment is "entirely permissible." *See Woodruff*, 50 F.3d at 676.  The Indictment charges Meech with violating 18 U.S.C. § 922(a)(6).  (*Sealed* Doc. 1.)  In relevant part, § 922(a)(6) makes it a crime for any person, in connection with the attempted acquisition of a firearm, to "knowingly [] make any false or fictitious oral or written statement . . . intended or likely to deceive [] a licensed . . . dealer . . . with respect to any fact material to the lawfulness of the sale."  As Meech points out, the applicable model jury instruction provides the four essential elements of proof required for an offense charged under § 922(a)(6): (1) the specified dealer was a licensed firearms dealer; (2) in connection with attempting to acquire the specified firearm from the specified dealer, the defendant made a false statement; (3) the defendant knew the statement was false; and (4) the false statement was material.  Ninth Cir. Manual of Model Crim. Jury Inst. No. 8.58.  The statutory language of § 922(a)(6) clearly tracks the essential elements of proof of the crime.  Therefore, standing alone, the Indictment's minimalist style does not render it constitutionally infirm.

Furthermore, the Indictment accompanies the language of the statute with a statement of facts and circumstances that is sufficiently specific to inform Meech of the crime with which he is charged.  *See Hamling*, 418 U.S. at 117–18.  The

Indictment alleges that Meech attempted to purchase a pistol by knowingly making a false statement to a firearms dealer about a fact material to the lawfulness of the sale. (*Sealed* Doc. 1.) It specifies that the Meech falsely responded to Question "11(h) on ATF Form 4463" by stating that he "was not subject to a court restraining order." (*Id.*) It identifies the location and date of the charged activity and names the firearms dealer. (*Id.*) Down to make, model, and caliber, it describes in detail the gun Meech attempted to buy. (*Id.*)

That the Indictment contains "no reference to *any* particular restraining order" (Doc. 26 at 2) is of no consequence. Again, a valid indictment serves two central purposes: (1) "[i]t . . . sufficiently apprise[s] the defendant of the charges against him in order to enable him to prepare a defense"; and (2) it allows him to plead jeopardy against a later prosecution. *Woodruff*, 50 F.3d at 677. Here, the Indictment tracks the language of the statute and is accompanied by sufficiently specific facts that: inform Meech of the crime charged and enable him to prepare a defense; and allow him to plead double jeopardy in the future. The Indictment has served its intended functions.

Therefore, the Court denies Meech's motion to dismiss the Indictment for lack of specificity.

## II. It is for the jury to decide whether the allegedly false statement was material.

Meech supports his contention that the Indictment fails to state an offense by improperly asking the Court to make a factual determination as to whether Bob Wards & Sons, Inc. relied on the allegedly false statement. (Doc. 26 at 6.) That is, he urges the Court to decide whether the government has carried its burden of proof on an essential element of the crime: materiality. As the government points out, the Ninth Circuit decidedly put this determination out of district court judges' hands in *United States v. Moore*, 109 F.3d 1456 (9th Cir. 1997).

In *Moore*, the court applied the so-called *Gaudin* rule to offenses charged under § 922(a)(6). The constitutional problem in *Gaudin* "arose because the district court handled the issue of materiality of [] alleged false statements—which is an essential element of the crime—as a matter for the court to decide, not the jury." *Moore*, 109 F.3d at 1463 (citing *United States v. Gaudin*, 515 U.S. 506 (1995)). The Supreme Court explained that such an approach violated the Fifth and Sixth Amendments, which together "require criminal convictions to rest upon a *jury* determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." *Gaudin*, 515 U.S. 506, 509–10, 522–23 (emphasis added). And while *Gaudin* involved alleged violations of 18 U.S.C. § 1001, the Ninth Circuit equally applied its holding to the materiality element necessary to prove an offense under § 922(a)(6)—the crime at issue here.

*Moore*, 109 F.3d at 1464. Therefore, under *Gaudin* and *Moore*, the Court cannot decide whether or Meech's "answering Question 11.h in the negative . . . [was] 'material' to the sale of the firearm by the vendor" as Meech so urges. (Doc. 26 at 5.)

Furthermore, even if materiality was a matter for the Court to decide, whatever discovery reveals on this element is irrelevant to Meech's motion to dismiss the Indictment for failure to state an offense. As already set out, the Court "is bound by the four corners of the indictment" and "must accept the truth of the allegations" contained therein. *Boren*, 278 F.3d at 914. "The indictment either states an offense or it doesn't," *id.*, and Meech offers no argument that the Indictment here doesn't. Instead, he asks the Court to invade the province of the jury and conduct a summary trial without any evidentiary record. The Court declines the invitation and denies Meech's motion to dismiss the Indictment for failure to state an offense.

### III. Without any argument as to why the protective order should be excluded *in limine*, Meech's motion to do so is denied.

Meech admits that his third argument may raise a factual defense improperly included in a pretrial motion to dismiss. (Doc. 26 at 7.) It does. Rule 12(b) motions are limited to considerations of "such matters as former jeopardy, former conviction, former acquittal, statute of limitations, immunity, and lack of

jurisdiction." *United States v. Nukida*, 8 F.3d 665, 670 (9th Cir. 1993) (citation and alteration omitted).

In contrast, Meech's final argument attacks whether the evidence supports the second element of proof under § 922(a)(6): whether he made a false statement. Specifically, he argues that the protective order to which he was subject does not qualify as a "Restraining Order" as defined by Question 11.h, nor as a "Court Order" as defined by a distinct firearms offense.[1] (Doc. 25 at 3.) Thus, the argument goes, Meech did not lie when he answered "no" to the question, "Are

---

[1] Asserting that the terms of ATF Form 4473 "Question 11.h and § 922(g)(8) [] are functional equivalents," Meech argues that the statutory language of § 922(g)(8), a separate firearms offense, should be incorporated into the government's burden of proof in this § 922(a)(6) case. (Doc. 25 at 3.) However, the case on which Meech relies for his incorporation argument is distinguishable. Although the defendant there, too, was charged with violating § 922(a)(6), the Second Circuit noted that "[t]he statutory language of § 18 U.S.C. 922(g)(8)(A) [was] relevant *because the parties agreed* that the government bore the burden of proving the [operative protective] order complied with its [§ 922(g)(8)(A)] language." *United States v. Bramer*, 956 F.3d 91, 92 n.1 (2d Cir. 2020) (emphasis added). The *Bramer* court went on to explain why it took no issue with the parties' agreement: the only difference it saw between the hearing requirement on ATF Form 4473 and the hearing condition contained in § 922(g)(8) is that the Form says that the operative court order must have been "issued after a hearing which the person received actual notice of and had an opportunity to participate in", while the statutory language says the order must have been "issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate[.]" *Id.* at 94 n.4. While the Court agrees that there appears to be no functional difference between the language of Form 4473 and § 922(g)(8) *as it relates to the hearing requirement*, the parties here have not agreed— as they did in *Bramer*— that § 922(g)(8) should be incorporated to direct the government's burden of proof at trial. Contrary to Meech's sweeping assertion, *Bramer* does not stand for the proposition that the elements of § 922(g)(8) should be incorporated into all § 922(a)(6) cases. Absent any *Bramer*-like agreement between the parties to do so, the Court rejects Meech's efforts to inject the statutory language of § 922(g)(8) into this case. But if at trial the government fails to prove that the operative order qualifies as a "Restraining Order" under ATF Form 4473 Question 11.h, Meech remains free to move for a Rule 29 judgment of acquittal, like the *Bramer* defendant did. *See Bramer*, 956 F.3d at 95.

you subject to a court order restraining you from harassing, stalking, or threatening your child or an intimate partner or child of such partner?" (*See* Doc. 26 at 3.) If the Court finds, as it does, that a Rule 12(b) motion to dismiss is an improper vehicle for this argument, Meech asks that it be construed as a motion *in limine* to preclude the protective order's introduction at trial. (*Id.* at 7.) The Court grants his request and considers his argument related to the protective order as a motion *in limine*. However, even so construed, the Court finds Meech's argument unpersuasive.

"Motions *in limine* are procedural devices to obtain an early and preliminary ruling on the admissibility of evidence." *BNSF Ry. Co. v. Quad City Testing Lab., Inc.*, 2010 WL 4337827, *1 (D. Mont. Oct. 26, 2010). "Typically, a party moves *in limine* when it believes that mere mention of the evidence at trial would be highly prejudicial and could not be remedied by instruction to disregard." *Black's Law Dictionary*, 1109 (9th ed. 2009). A motion *in limine* "should not be used to resolve factual disputes or weigh evidence," but instead is appropriate only where "the evidence [is] inadmissible on all potential grounds." *United States v. King*, 2019 WL 1167834, *1 (D. Mont. Mar. 13, 2019). District courts have broad discretion in considering and ruling on motions *in limine*. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

Meech advances no reason why the protective order at issue here is inadmissible. Instead, he asks the Court to resolve a factual dispute about the point at which he allegedly lied. Specifically, he contends that he did not lie when he answered "no" to Question 11.h, because the protective order against him did not qualify as a "Restraining Order" as described by Question 11.h's instructions. (*See* Doc. 26 at 3–4.) At trial, the government bears the burden to prove him wrong. But Meech's request to exclude undisputedly relevant evidence from the jury's consideration simply because he believes it fails to support the government's case is denied.

## ORDER

For the foregoing reasons, IT IS ORDERED that Meech's motion (Doc. 25) is DENIED.

DATED this 14th day of September, 2020.

_____
Dana L. Christensen, District Judge
United States District Court